## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND BALTIMORE DIVISION

Ivanne O'Neal as Personal  
Representative of Jabree O'Neal  
300 Flower Street  
P.O. Box 324  
Berlin, MD 21811

and

Ivanne O'Neal Individual  
300 Flower Street  
P.O. Box 324  
Berlin, MD 21811

    Plaintiff

v.

J. Joseph Curran, Jr  
Office of the Attorney General  
Department of Health and Mental Hygiene  
300 West Preston Street, Ste. #302  
Baltimore, MD 21201

Dr. Barry Levine, Chief Toxicologist  
111 Penn Street  
Baltimore, MD 21201

Dr. Stephen Radentz  
521 West McCarty Street  
Indianapolis, MD 46225-1239

Dr. John E Smialek (deceased)  
111 Penn Street  
Baltimore, MD 21201

Civil Case No.: CCB 05 CV 3153

# COMPLAINT FOR DAMAGES

1. Plaintiff Ivanne O'Neal is the mother of Jabree O'Neal who died on April 7, 1993 when he was four years of age.

2. **Knowingly, willingly, intentionally and with reckless indifference to federally protected rights,** the State of Maryland Office of the Chief Medical Examiner in Baltimore, Maryland amended Jabree's autopsy report 3 years and 9 months after his death. Targeting **the race of Plaintiff and minor son's** only when the amendment of the original autopsy report took place.

3. **Knowingly, willingly, intentionally and with reckless indifference to federally rights,** the Defendants used their superior medical knowledge to gain an unfair advantage over Plaintiff to deprive Plaintiff and minor son of the rights to be treated equally and fairly under the Constitution of the United States **by withholding medical knowledge and facts that only the Defendants knew and in** doing so benefited only a third party who is white.

4. Plaintiff discovered in 2005 actual knowledge of facts that the amendment took place only because Plaintiff and minor son is African American.

5. **Defendants knowingly, willingly, intentionally, with reckless indifference of federally protected rights harmed Plaintiff. Defendants amendment of Plaintiff minor son's autopsy report was an intentional act of racial discrimination, knowing they were intentionally violating Plaintiff's United State Constitutional right to be treated equally and fairly regardless of Plaintiff race. Defendants only motive of committing intentionally gross negligence, malice medical malpractice, and fraud, was Plaintiff and minor**

1

**son's race. The Defendants knowingly did not have any medical facts to support the amending of Jabree O'Neal's autopsy report. The Defendants harmed Plaintiff by placing severe emotional and mental distress by implying that somehow Plaintiff was careless in her care for Plaintiff son and allowed him to harm himself that caused his untimely death.**

6. Plaintiff seeks **monetary damages** for harm, emotional and mental distress, pain and suffering and punitive damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §1983.

2. Venue is proper in the District of Maryland because the racial discrimination against Plaintiff and minor son took place at the State of Maryland Office of the Chief Medical Examiner in Baltimore City Maryland.

## PARTIES

1. Defendants, Dr. Stephen Radentz was the Assistant Medical Examiner in 1997. Dr. Barry Levine is the Chief Toxicologist at the OCME. Dr. Stephen Radentz relocated to Indianapolis, Indiana and is employed at the University of Indiana as an Assistant Professor of Clinical Pathology.

2. Defendant, J Joseph Curran, Jr. is the Attorney General of Maryland and the Office of the Attorney General is the attorney for state employees.

## TITLE VIOLATION

1. Civil Action for Deprivation of Rights 42 U.S.C. §1983.

## PLAINTIFF SUIT ACTION AGAINST DEFENDANTS

1. **Plaintiff suit is filed against the Defendants in their "personal", "individual", capacities.**

## STATEMENT OF CLAIM

1. Defendants Dr. Stephen Radentz and Dr. Barry Levine at the State of Maryland Office of the Chief Medical Examiner in 1997, carried out an act of racial discrimination against Plaintiff and minor son. Specifically the Defendants amended the original autopsy report from Pneumonia, Bronchial Asthma to Brompheniramine intoxication, Asthma, and Sickle Cell Trait by:

    a. knowingly, **willingly, and intentionally with reckless indifference to Plaintiff federally protected rights** documented on the amended autopsy report Sickle Cell Trait, that is only related to Plaintiff and minor son's race and not Plaintiff minor son's cause of death. **Defendants motive was Plaintiff and minor son's race only.**

    b. knowingly, **willingly, and intentionally with reckless indifference to Plaintiff and minor son's federally protected** used incorrect medical information that the Defendants knew they could not use to definitively link to the primary death of Plaintiff minor son without other mandatory testing of specimen, and refused that mandatory testing to Plaintiff and minor son because we are African American. **Defendants motive was Plaintiff and minor son's race only.**

    c. **knowingly, willingly, and intentionally with reckless indifference to Plaintiff and minor son's federally protected rights** amended the

original autopsy report to ensure the victory of a white doctor who was on trial for medical malpractice for the death of a black child.

d. **knowingly, willingly, and intentionally with reckless indifference to Plaintiff and minor son's federally protected rights** withheld factual medical evidence that would have proven that the white doctor was the cause of **Plaintiff** minor son's untimely death.

e. **knowingly, willingly, and intentionally with reckless indifference to Plaintiff and minor son's federally protected rights, disregarded the plain and clear facts sickles cell trait can only be applied to cases of sudden death with heavy exertion which mostly occurs either in extreme heat and humidity or at very high altitudes. Plaintiff minor son absolutely had none of either and therefore could not by medical opinions even be considered that sickle cell trait was a contributory factor in his death. Defendants knew, and acted with willingly intention discrimination against Plaintiff and minor son only because of race. Sickle Cell Trait is can only be linked to Plaintiff and minor son's race.**

f. **knowingly, willingly, intentionally and reckless indifference to Plaintiff and minor son's federally protected rights to harm** intentionally treated Plaintiff and minor son with gross negligence and malice buy targeting Plaintiff and minor son race to amend the cause of the death of Jabree O'Neal. **The Defendants has the power by the State of Maryland given to them to determine the cause of**

**citizens of this State. The Defendants did not have the right to deny Plaintiff a federally protected right because of my race, and to knowingly ensure favorably treatment to Dr. James Peipon because he is "white", knowing the motive was racial.**

2. The conduct of the Defendants described in paragraph 1 constitutes a willingness and intent to racially discriminate against Plaintiff and minor son, **depriving Plaintiff and** Jabree O'Neal the right to have a cause of death based on medical facts **and not Plaintiff and minor son's race.** The nature of such an act is intended to deny the full exercise of such rights according to the constitution. The rights of Plaintiff and minor son are secured by 42 U.S.C. §1983

## BACKGROUND

1. Jabree died on April 7, 1993, original autopsy report stated that the cause of death was pneumonia, contributory factor asthma.

2. In 1994 Plaintiff filed a medical malpractice lawsuit against Dr. James Peipon for misdiagnosing Jabree, causing his untimely death.

3. In 1996 the attorney representing Dr. Peipon requested a review of the original cause of death based on a report that was found by the Defendants regarding a level of brompheniramine of 0.4mg/L that was found in one heart blood specimen during the original autopsy of Jabree O'Neal.

4. On January 29, 1997, the Defendants through Dr. Radentz faxed a letter to Mr. Randall Brooks at the Division of Vital Records requesting that he amend the death certificate of Jabree O'Neal from pneumonia to brompheniramine intoxication.

5. Per Plaintiff attorney's the medical malpractice trial went forth in November 1998 to December 1998, plaintiff lost the trial, the jury ruled in favor of Dr. Peipon relying on the testimony of the Defendants who testified.

6. After the Special Appeals Court upheld the verdict of the jury, and the attorney for Plaintiff was released, Plaintiff started researching in January 2000 on the facts of the amending of the autopsy report of minor son.

7. In April 2005, per the help of other Chief Medical Examiners, Forensic Toxicologist, and Chief Toxicologists Plaintiff discovered actual knowledge of facts that the Defendants willingly and intentionally relied on the blood level that they knew was totally insignificant without the context of other specimens to definitive link the blood level of brompheniramine with Plaintiff minor son cause of death, and with explanation, could only link Sickle Cell Trait to Plaintiff minor son's race not his death.

## PRAYER FOR RELIEF

Wherefore Plaintiff requests that the Court enter an Order:

1. Declaring that the discriminatory act of the Defendants violates 42 U.S.C § 1983.

2. Declaring that the Defendants pay damages to Plaintiff for racial discrimination against Plaintiff and minor son for denying Plaintiff and minor son the right to be treated equally and fairly causing intentional harm, emotional and mental distress, pain and suffering in the excess amount of $25,000,000.00(Twenty Five Million Dollars).

3. Declaring that the Defendants pay damages to Plaintiff for racial discrimination against Plaintiff and minor son for punitive damages in the excess amount of $25,000,000.00(Twenty Five Million Dollars).

Plaintiff further prays for such additions relief as the interest of justice may require together with the costs and disbursements of this action.

IVANNE O'NEAL
PERSONAL REPRESENTATIVE
FOR MINOR SON JABREE O'NEAL

IVANNE O'NEAL
INDIVIDUAL

Ivanne O'Neal
300 Flower Street
P.O. Box 324
Berlin, MD 21811
Pro Se
(410)641-3191(Home)
(410)641-3159(Fax)
Ronette38@aol.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of Feb 2006 that a copy of the foregoing **amended** Complaint was mailed first class, postage pre-paid to the following:

J. Joseph Curran, Jr.
Attorney General Office
Department of Health and Mental Hygiene
300 West Preston Street, Ste. #302
Baltimore, MD 21201

Dr. Barry Levine, Chief Toxicologist
111 Penn Street
Baltimore, MD 21201

Dr. Stephen Radentz, Assistant Clinical Professor at University of Indiana
521 West McCarty Street
Indianapolis, IN 46225-1239

Ivanne O'Neal
300 Flower Street
P.O. Box 324
Berlin, MD 21811
Pro Se
(410)641-3191(Hm)
(410)641-3159(Fax)
Ronette38@aol.com