IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IVANNE O'NEAL, as Personal Representative of Jabree O'Neal and individually | : : : : | |
| v. | : | Civil No. CCB-05-3153 |
| J. JOSEPH CURRAN, et al. | : : | |

## MEMORANDUM

Now pending before the court is defendants' motion to dismiss. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, the defendants' motion will be granted.

Plaintiff O'Neal alleges racial discrimination based on the amending of her son's death certificate to include the presence of the sickle cell trait as the cause of death.[1] O'Neal alleges that this amendment deprived her of the right to obtain monetary damages for the untimely death of her minor son in an underlying action, and that the amendment was executed because her son was African-American, to protect a treating doctor, who is White. While not all styled as claims of racial discrimination, O'Neal has brought three other actions in the Circuit Court for Baltimore City based on the same occurrence.[2] As the court finds that O'Neal's claims are

---

[1] While the court is dismissing the case without addressing the merits of the case, it should be noted that the actual amendment to the death certificate lists the presence of the sickle cell trait as an "other significant condition," not as the cause of death.

[2] *See Ivanne R. O'Neal v. John E. Smailek* [sic]*, M.D., et al.*, Case No.: 24-C-01-000958 (dismissed May 23, 2001); *Ivanne R. O'Neal as Personal Representative of the Estate of Jabree O'Neal v. Stephen S. Radentz, M.D., et al.,* Case No.: 24-C-02-001168 (dismissed June 12, 2002); *and Ivanne R. O'Neal v. The State of Maryland, et al.*, Case No:24-C-05-007811(dismissed November 16, 2005).

1

barred by *res judicata*, the underlying facts of her claim will not be recounted at length.[3]

Defendants raise the affirmative defense of *res judicata* in support of their motion to dismiss.[4] A final judgment on the merits bars further claims by the parties based on the same causes of action. *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply state *res judicata* law in determining the preclusive effect of a state court judgment. *See Migra v. Warren City Sch. Dist. B.O.E.*, 465 U.S. 75, 85 (1984); *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 127 (4th Cir. 2000). Under Maryland law, *res judicata* attaches to bar a subsequent action when: 1) the parties in the present litigation are the same or are in privity with the parties to the earlier claim; 2) the second claim presents the same cause of action or claim as the first; and 3) the first suit resulted in a valid and final judgment on the merits by a court of competent jurisdiction. *See Jones v. Fisher Law Group, PLLC et al.,* 334 F.Supp.2d 847, 851 (D.Md. 2004)(citing *Colandrea v. Wilde Lake Cmty Ass'n*, 761 A.2d 899, 908 (Md. 2000)). These elements are present here.

O'Neal was the plaintiff in the prior state court actions, either on her own behalf or as the

---

[3] The defendants argue that there are multiple grounds upon which dismissal could be granted. They contend that the various State of Maryland defendants are not "persons" under 42 U.S.C. § 1983, that the various claims are barred by the 11th Amendment, and that the claims have no merit and are based on an erroneous assertion of the facts in any event. Finding that O'Neal's claims are barred by *res judicata*, I will express no opinion as to the merits of the defendants' other contentions.

[4] Where it appears on the face of the complaint, dismissal under Fed. R. Civ. Pro. 12(b)(6) on *res judicata* grounds is appropriate, and the court may take judicial notice of the facts from the relevant prior judicial proceedings. *Andrews v. Daw*, 201 F.3d 521, n.1 (4th Cir. 2000).

personal representative of her son, Jabree. (*See* Def's Supplemental Mot. to Dismiss, Exhibit 1, State Cases) The defendants here were also defendants in the prior actions, or were in privity with the defendants in the state court actions.[5] (Id.) Each of the three previous cases were dismissed, with the court in the most recent case indicating that it was being dismissed with prejudice. (Id., Case No: 24-C-05-007811) Dismissal "with prejudice" qualifies as an adjudication on the merits under Maryland law, and thus the third prong of Maryland's *res judicata* test is also met. *See Church v. Maryland*, 180 F.Supp.2d 708, 748 (D.Md. 2002).[6]

Only determining whether the "claim presented in the current action is identical to the one determined in the prior adjudication," requires a more in-depth inquiry. *See Colandrea*, 761 A.2d at 909. A review of O'Neal's complaints in the previous cases reveals that, all restyling of the claims aside, the present action is substantively identical to the previous three. *See, e.g., Fisher Law Group,* 334 F.Supp.2d at 851-52 (that claims are brought under different statutes is not dispositive under the transaction test adopted by Maryland courts.); *Church*, 180 F.Supp.2d at 748-49. Moreover, to the extent any aspect of O'Neal's claims in this court differ substantively from those litigated previously, those new claims still arose from the same

---

[5] In the present case, in addition to naming Attorney General Curran as a defendant, O'Neal has also named Dr. Barry Levine, the Chief Toxicologist at the Maryland Office of the Chief Medical Examiner; Dr. Stephen Radentz, the assistant medical examiner in 1997; and Dr. John E. Smialek, the previous Chief Medical Examiner, who passed away in May of 2001. With the exception of General Curran, all of these defendants were named in O'Neal's previous suits. (*See* Def's Supplemental Mot. to Dismiss, Exhibit 1, State Cases) O'Neal also previously sued the State of Maryland on the same grounds, and she sues Curran here in his official capacity.

[6] That this latest dismissal, and possibly the previous two, were dismissed as time barred does not change this conclusion. Dismissals on limitations grounds are "on the merits," and constitute an adjudication on the merits, unless specified otherwise by the court dismissing the action. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989); *see also Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1041-1042 (Md. 2005).

transaction or series of transactions and could have been brought in those earlier suits. *See Sheahy v. Primus Auto. Fin. Servs., Inc.*, 284 F.Supp.2d 278, 280 (D.Md. 2003)(citing *Colandrea*, 761 A.2d at 910)("judgment between the same parties...is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, but also as to matters that could have been litigated in the original suit.")).[7]

Each case alleged that the various state employees improperly changed the cause of death listed in the death certificate for Jabree O'Neal. (*See* Def's Supplemental Mot. to Dismiss, Exhibit 1, State Cases)   The "transaction test" adopted by the Maryland courts is quite broad. *See Sheahy*, 284 F.Supp.2d at 281; *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F.Supp.2d 566, 571 (D.Md 2000)("Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief."); *see also Fisher Law Group,* 334 F.Supp.2d at 852 (court must consider "whether the facts of each case are related in time, space, origin or motivation."). The similarity of the prior and present claims in this case accordingly satisfies the requirements in order for *res judicata* to attach.

A separate order follows.

 May 15, 2006   /s/
Date Catherine C. Blake
United States District Judge

---

[7] O'Neal argues that the claims of racial discrimination could not have been brought in the previous Circuit Court cases because those courts lacked jurisdiction to consider claims brought under the federal anti-discrimination laws.  O'Neal is mistaken on this count.  Suits under the federal anti-discrimination laws can be -- and routinely are -- heard in state courts.